IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

AIDARBEK ABDILAZIZ UULU,

                Petitioner,

v.                                        CIVIL ACTION NO.   2:26-cv-00074

CHRISTOPHER MASON, et al.,

                Respondents.

**ORDER TO SHOW CAUSE**

On January 15, 2026, Petitioner Aidarbek Abdilaziz Uulu was stopped and arrested by Immigration and Customs Enforcement officers while travelling at the intersection of Interstates 84 and 77. [ECF No. 1, ¶ 5]. Petitioner is now detained at South Central Regional Jail in Charleston, West Virginia. *Id.* ¶ 6.

On February 2, 2026, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *Id.* ¶¶ 1, 7. Petitioner asks the court to enjoin Respondents from removing him from the district, order Respondents to immediately release him, and declare that Petitioner's arrest and detention was unlawful. *Id.* at 10–11.

According to the Petition, Petitioner is a citizen of Kyrgyzstan and lived in Illinois prior to his detention. *Id.* ¶ 15. He entered the United States in 2023 with his wife and daughter, presenting themselves lawfully at a port of entry. *Id.* ¶ 1. His wife has a pending application for asylum with federal immigration services, and Petitioner is included "as a derivative beneficiary" of that asylum status. He has a valid work permit and was employed as a commercial truck driver. *Id.* ¶¶ 4–5.

Petitioner alleges that his detention violates his Fifth Amendment Due Process Rights, the Immigration and Nationality Act, and the Suspension Clause. *Id.* ¶¶ 68–83.

By statute the court must quickly resolve this matter:

> A court, justice or judge entertaining an application for a writ of habeas corpus *shall forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

28 U.S.C. § 2243 (emphasis added). *See also* 28 U.S.C. § 1651 (All Writs Act); *Gonzalez-Pablo v. Mason*, 788 F. Supp. 3d 759 (S.D. W. Va. 2025) (Goodwin, J.); *Larrazabal-Gonzalez v. Mason*, No. 2:26-cv-00049, 2026 WL 221706 (S.D. W. Va. Jan. 28, 2026) (Goodwin, J.).

Accordingly, it is **ORDERED** that this case shall proceed as follows:

(1) Respondents **shall not remove or facilitate the removal** of Petitioner from the Southern District of West Virginia pending further order of the court;

(2) Respondents shall file a written response to this Order on why the Petition for Writ of Habeas Corpus should not be granted by **Friday, February 6, 2026;**

(3) Petitioner shall file a reply by **Sunday, February 8, 2026, at 12:00 p.m.;**

(4) A hearing on the matter shall be scheduled for **Tuesday, February 10, 2026, at 10:00 a.m. in Charleston, WV** in front of this court; and

(5) Counsel for Petitioner shall ensure that Respondents are **IMMEDIATELY** served with the Petition, [ECF No. 1] and this Order to Show Cause.

(6) Upon receipt of this Order, the Respondents shall **IMMEDIATELY** serve a copy and notify David Kluemper, Supervisory Detention and Deportation Officer, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations, Philadelphia Field Office, Charleston, WV Sub-Office.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel, any unrepresented party, and the United States Attorney's Office for the Southern District of West Virginia. The court further **DIRECTS** the Clerk to hand-deliver a copy of this order to the United States Attorney's Office for the Southern District of West Virginia in Charleston, WV.

ENTER:   February 2, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

2