IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

AIDARBEK ABDILAZIZ UULU,

           Petitioner,

v.                                    CIVIL ACTION NO. 2:26-cv-00074

CHRISTOPHER MASON, et al.,

           Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Petitioner Aidarbek Abdilaziz Uulu Petition for Writ of Habeas Corpus. [ECF No. 1]. For the reasons discussed below, the Petition is **GRANTED** and Petitioner is **ORDERED** to be released **IMMEDIATELY**.

**I.    BACKGROUND[1]**

Petitioner is a citizen and national of Kyrgyzstan who is present in the United States as a noncitizen. [ECF No. 1, ¶ 15]. He entered the United States on May 31, 2023, with his wife and daughter to present themselves to a port of entry "pursuant to a scheduled CBP One humanitarian parole appointment." *Id.* ¶ 1. Once Petitioner entered with his family, they were inspected by federal border agents and "lawfully paroled into the United States." *Id.* ¶ 2. He currently lives in Mt. Prospect, Illinois. *Id.* ¶ 20.

While living in the United States, Petitioner has "established significant ties" including

---

[1] The facts as presented are drawn from the verified petition pursuant to 28 U.S.C. § 2242. The Government did not dispute any factual allegation in its Response, [ECF No. 17]. The Government also represented at the hearing that it did not dispute any of the allegations alleged in the Petition. [ECF No. 23] (show cause hearing). According to Rule 5 of the Rule Governing Section 2254 Cases and Section 2255 Proceedings in the United States District Courts, when required to answer the petition, "[t]he answer must address the allegations in the petition." The Government has not done that here.

obtaining employment authorization, working, paying taxes, and demonstrating his compliance with United States law. *Id.* ¶ 3. He has also obtained a commercial driver's license to work as a truck driver pursuant to his valid employment authorization. *Id.* ¶ 4. He also "diligently complied with all legal requirements while awaiting the adjudication of his status" and the status of his wife's application for asylum, under which he is a derivative beneficiary. *Id.*

On January 15, 2026, Petitioner was arrested and detained by Immigration Customs and Enforcement ("ICE") officers "during a routine regulatory inspection while Petitioner was lawfully operating a commercial truck in the course of his employment." *Id.* ¶ 5. Since his arrest—more than a month ago—Petitioner has remained detained and is currently confined at South Central Regional Jail ("SCRJ") in Charleston, West Virginia. *Id.* ¶¶ 6.

On February 1, 2026, Petitioner filed a Petition[2] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *Id.* at 1. To date, Petitioner has not had an administrative judge or neutral decisionmaker determine that his continued detention is justified based on an individual assessment.

Petitioner contends that his ongoing confinement violates the Immigration and Nationality Act ("INA"), the Due Process Clause of the Fifth Amendment, and the Suspension Clause of the United States Constitution. [ECF No. 1, ¶¶ 68–83]. Petitioner seeks immediate release from detention, a declaration that his continued detention is unlawful, an injunction against the Government from re-detaining Petitioner, and any other such relief the court may find appropriate. *Id.* at 22–23.

On February 2, 2026, the court stayed the removal of Petitioner from the district, set a

---

[2] The Petition identifies Christopher Mason, Superintendent of SCRJ, as a respondent, as well as Michael Rose, Director of the Philadelphia Field Office of ICE; Todd M. Lyons, Acting Director of ICE; Kristi Noem, Secretary of the Department of Homeland Security; and Pam Bondi, Attorney General of the United States, (collectively, the "Government").

briefing schedule, and scheduled a show cause hearing on the Petition, [ECF No. 6]. In both the Government's response, [ECF No. 17-1], and the Petitioner's reply, [ECF No. 18-1], the parties agree that the court does not need a hearing to resolve the petition. For its part, the Government concedes that this case raises "the same or substantially similar issues" as those cases previously before the court where the court found that the Petitioners' continued detention was unlawful under the Due Process Clause of the Fifth Amendment.[3] [ECF No. 17-1, at 3]. Further the Government "acknowledges that the Court's recent decisions . . . are applicable here if the Court adheres to these decisions."[4] *Id*. The Petitioner agrees and does not request a hearing. [ECF No. 18-1, at 1]. The court did, however, hold a show cause hearing on the Petition. [ECF No. 23].

## II. LEGAL STANDARD

"[H]abeas corpus is a broad, independent writ designed to address challenges to any illegal custody," *Wall v. Kiser*, 21 F.4th 266, 273 (4th Cir. 2021), including those "by executive direction," *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The "heart of habeas corpus" is the challenge to a petitioner's confinement (or the duration of his confinement), where he seeks "immediate release or a speedier release from that confinement." *Preiser*, 411 U.S. at 498. The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). Accordingly, noncitizens may invoke habeas in immigration-related matters where no other statutory mechanism for review is provided. *See Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Indeed, challenges to present

---

[3] *Rodriguez Flores v. Mason,* No. 2:26-cv-00044, 2026 WL 227010 (S.D. W. Va. Jan. 28, 2026); *Larrazabal-Gonzalez v. Mason*, No. 2:26-cv-00049, --- F. Supp. 3d ---, 2026 WL 221706 (S.D. W. Va. Jan. 28, 2026). *See also Aroca v. Mason*, No. 2:26-cv-00057, --- F. Supp. 3d ---, 2026 WL 357872 (S.D. W. Va. Feb. 9, 2026) (dealing with the same issues but filed after the Government's response).

[4] In fact, the Government has asserted that it will be putting forward no new evidence or legal argument at the hearing, instead relying only on its arguments within the brief—rejected by this court and three other judges of the district—and attachments to its brief which the court will consider as part of the record. [ECF No. 17-1, at 3]. The Government did not present any evidence at the hearing. [ECF No. 23].

immigration confinement "fall within the 'core' of the writ of habeas corpus." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 159, 167 (2022))

28 U.S.C. § 2241 confers federal district courts "within their respective jurisdictions" the authority to hear applications for habeas corpus by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States . . . ." *Id.* §§ 2241(a), (c). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. The petitioner bears the burden of proving that he is being held contrary to law by a preponderance of the evidence. *Walker v. Johnston*, 312 U.S. 275, 286 (1941) ("On a hearing, [the § 2241 petitioner has] the burden of sustaining his allegations by a preponderance of evidence."); *Parke v. Raley*, 506 U.S. 20, 31 (1992); *Sumner v. Mata*, 449 U.S. 539, 551 (1981).

### III. DISCUSSION

This case is one of many—ICE agents have arrested and detained a number of immigrants passing through West Virginia. Though the immigrants have no criminal history, many have participated in other lawful immigration proceedings, and all have developed community ties in the United States, the federal government continues to assert that it can detain these noncitizens without any further determination or assessment. Civilly confined, these petitioners sit in the local jail despite never being charged with a criminal offense. This is not due process.

Here, Petitioner's case arises from the same Government conduct that has recently burdened this state. Specifically, the parties disagree as to whether the mandatory detention provision, 8 U.S.C. § 1225(b)(2)(A), or the discretionary detention provision, 8 U.S.C. § 1226(a), governs Petitioner's custody. The resolution of that question determines whether Petitioner is categorically ineligible for release or instead entitled to an individualized bond hearing.

Petitioner maintains that his detention falls under § 1226(a), which entitles him to an individualized bond hearing. The Government, by contrast, asserts that Petitioner is detained pursuant to § 1225(b)(2)(A) and is therefore not entitled to such a hearing. This statutory disagreement forms the core of Petitioner's due process claim. In its Motion to Dismiss, the Government additionally challenges this court's subject matter jurisdiction.[5]

Each of these issues has already been carefully analyzed and resolved by this court in *Larrazabal-Gonzalez v. Mason*, No. 2:26-cv-00049, --- F. Supp. 3d ---, 2026 WL 221706 (S.D. W. Va. Jan. 28, 2026), and *Aroca v. Mason*, No. 2:26-cv-00057, --- F. Supp. 3d ---, 2026 WL 357872 (S.D. W. Va. Feb. 9, 2026).[6] The reasoning in those cases applies with equal force here.

First, the Court possesses subject matter jurisdiction. *Aroca*, at 2026 WL 357872 at *7–*10; *Larrazabal-Gonzalez*, 2026 WL 221706, at *3 n.6. The Government's jurisdictional arguments were previously considered and rejected, and no materially distinguishable facts warrant a different conclusion in this case.

Second, Petitioner's detention is governed by § 1226(a), not § 1225. *Aroca*, 2026 WL 357872, at *17. As in *Aroca*, "[n]othing in the record suggests [Petitioner was] actively seeking admission at the time of [his] arrest." *Id.* The record reflects that Petitioner entered the United States in 2023, has since resided here, maintained gainful employment, developed community ties, and earned no criminal record. *See* [ECF No. 17-2] (The Government's Exhibit A, a Department of Homeland Security form indicting that Petitioner has no criminal history and has been in

---

[5] [ECF No. 17-1, at 2] (arguing that the Petition should be denied for two independent reasons: "(1) 8 U.S.C. §1252(b)(9), which limits judicial review of questions of law and fact arising from removal proceedings to courts of appeal, and (2) 8 U.S.C. §1252(g), which bars district court review of decisions by the Attorney General to commence removal proceedings."). *See also* [ECF No. 17-1, at 6–12].

[6] At least three other judges in this district have also fully analyzed these issues and rejected the Government's arguments. *Briceno Solano v. Mason*, No. 2:26-cv-00045, --- F. Supp. 3d ---, 2026 WL 311624 (S.D. W. Va. 2026) (Johnston, J.); *Simanca Gonzalez v. Aldridge*, No. 3:26-cv-00055, 2026 WL 313476 (S.D. W. Va. Feb. 5, 2026) (Chambers, J.); *Umarov v. Mason*, No. 2:26-cv-00081, 2026 WL 381614 (S.D. W. Va. Feb. 11, 2026) (Berger, J.).

immigration proceedings since his entry into the United States). Those facts are inconsistent with treatment as an applicant seeking admission under § 1225.

Third, Petitioner is protected by the Due Process Clause of the Fifth Amendment and is currently detained in violation of law. Like the petitioners in *Larrazabal-Gonzalez* and *Aroca*, Petitioner is entitled to a bond hearing under § 1226(a) but has not received one, despite being detained since January 2026.[7] Petitioner had still not received any kind of hearing by February 1, 2026, when he filed his Petition. Such prolonged detention without an individualized bond determination violates due process under the balancing framework articulated in *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). *Aroca*, 2026 WL 357872 at *18–*20. Application of the *Mathews* factors confirms that the private interest at stake—physical liberty—is substantial; the risk of erroneous deprivation absent a bond hearing is significant; and the Government's interests are not unduly burdened by affording constitutionally required process. As this court previously observed, "the Government has no legitimate interest in refusing to follow its own rules," and providing a bond hearing does not guarantee release. *Id.* at *19. Furthermore, Petitioner has no criminal history or gang affiliations, and he does have community ties, ongoing immigration applications pending with the federal government, and fear of returning to his home country—all of which substantially mitigate any asserted public-safety or flight-risk concerns. [ECF No. 17-2] (The Government's Exhibit A).

Fourth, immediate release is the only appropriate remedy. *Aroca*, 2026 WL 357872 at *19. Where detention has been found unlawful and no constitutionally adequate bond hearing has been provided, continued custody cannot stand.

---

[7] Petitioner received a Notice to Appear in immigration court in New Jersey for February 2, 2026. [ECF No. 17-4]. Three days later, he received a notice that the immigration court hearing would be internet-based. [ECF No. 17-5]. Despite these notices, Petitioner has remained in the custody of a local jail for weeks.

Accordingly, for the reasons set forth above and in *Larrazabal-Gonzalez* and *Aroca*, the Government's Motion to Dismiss, **[ECF No. 17-1]**, is **DENIED**, and the Petition for Writ of Habeas Corpus, **[ECF No. 1]**, is **GRANTED**.

## IV. CONCLUSION

For these reasons, and the legal analysis discussed more thoroughly in *Larrazabal-Gonzalez* and *Gutierrez Aroca*, the Government's Motion to Dismiss, **[ECF No. 17-1]**, is **DENIED**, and the Petition for Writ of Habeas Corpus, **[ECF No. 1]**, is **GRANTED**.[8] Respondents are **ORDERED** to **RELEASE PETITIONER IMMEDIATELY** Respondents are **PROHIBITED** from re-arresting and detaining Petitioner absent significant change in circumstances to justify detention or subject to the determination of a neutral and detached decisionmaker. Respondents are **DIRECTED** to return all seized personal items of the Petitioners.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel, any unrepresented party, and the United States Attorney's Office for the Southern District of West Virginia.

ENTER:   February 19, 2026

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[8] Also pending is the Government's Motion to Exceed Page Limit, [ECF No. 17], and Petitioners' Motion to Exceed Page Limit for Reply, [ECF No. 18]. For good cause shown, the motions, **[ECF Nos. 17, 18]**, are **GRANTED**.

7